[No. 2169. Decided July 9, 1896.]

FRANK BURNS, JR., *et al.*, *Appellants*, v. JAMES H. WOOLERY, *Sheriff*, *et al.*, *Respondents*.

TRIAL OF RIGHT TO PROPERTY — FRAUDULENT CONVEYANCE — QUESTION FOR JURY.

Plaintiff is not entitled to a directed verdict in his favor, upon a trial of the right of ownership to property, attached as the property of another, but which was claimed by plaintiff under a bill of sale, when there is any testimony tending to show that the transfer to plaintiff was made with intent to hinder, delay or defraud creditors.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge. Affirmed.

Action involving claim of the plaintiff, Burns, to 800,000 brick levied upon by the sheriff of King county under a writ of attachment in a cause wherein the respondents Konnerup and Nagorsen were plaintiffs and the Wayne Brick & Tile Company was defendant. A bill of sale having been made to Burns he filed with the sheriff his affidavit of ownership and executed the statutory bond entitling him to the possession of the brick. Upon a trial of the right of ownership, verdict and judgment were rendered for defendants.

*Donworth & Howe,* for appellants.

*Richard Winsor,* and *George E. Morris,* for respondents.

*Per Curiam.*—The first error assigned by the plaintiff is the action of the superior court in refusing to instruct the jury to find for plaintiff as requested by the plaintiff. An examination of the testimony in this case does not convince us that the undisputed evidence showed the title to the property or the right to its possession in the plaintiff, but that there was sufficient evidence to go to the jury upon the question of whether the bill of sale was made with intent to hinder, delay or defraud creditors. While it is true in some cases that whether fraud has been committed becomes a question of law, yet, under all the circumstances of this case, we think there was sufficient testimony concerning fraud in the transactions alleged, which were purely questions of fact for the consideration of the jury, and that the court would not have been warranted in withdrawing the case from the jury or in giving the instruction asked for by the plaintiff.

The next two assignments of error are in regard to the instructions given by the court, and without specially reviewing them we think the instructions as a whole were correct, and that nothing contained in them in any particular had a tendency to mislead the jury.

The fourth alleged error is that the judgment was too large. Under the rule announced by this court in *Union Savings Bank and Trust Co. v. Gelbach,* 8 Wash. 497 (36 Pac. 467), this contention cannot be sustained.

The judgment is affirmed.

HOYT, C. J.—I do not agree to this opinion.